UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMUEL WILLIAM DONAGHE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL TEMPOWSKY, *et al*,<br><br>　　　　　Defendants. | Case No.  C04-5541RBL<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for November 5, 2004 |

　　　　This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff in this case is an inmate at the Washington State Department of Social and Health Services' Special Commitment Center.  Because plaintiff has paid the court filing fee, the court should deny his application to proceed *in forma pauperis* (Dkt. # 1).

## DISCUSSION

　　　　A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  See 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed in forma pauperis.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

　　　　On October 4, 2004, the undersigned granted plaintiff's motion to proceed *in forma pauperis* (Dkt. #1). (Dkt. #22).  Subsequently, however, the undersigned was made aware that plaintiff had paid the filing fee. (Dkt. #23).  Because plaintiff in fact has paid the court filing fee, his application to proceed *in forma*

REPORT AND RECOMMENDATION
Page - 1

*pauperis* is therefore moot. Accordingly, the court should vacate the undersigned's prior order granting plaintiff *in forma pauperis* status.

## CONCLUSION

Because plaintiff has paid the court filing fee, the undersigned recommends that the Court deny his application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), petitioner shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **November 5, 2004**, as noted in the caption.

DATED this 8th day of October, 2004.

       /s/ Karen L. Strombom
       Karen L. Strombom
       United States Magistrate Judge