UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAM DONAGHE,

   Plaintiff,

  v.

PAUL TEMPOWSKY *et al.*,

   Defendants.

Case No. C04-5541RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
JANUARY 28TH, 2005**

   This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Before the court is defendant's motion to dismiss. (Dkt. # 35).  Plaintiff has responded.  (Dkt. # 41).  Defendants have replied.  (Dkt. # 48).  The defendants argue the plaintiff fails to state a claim as plaintiff has no constitutional right to a job. Defendants argue they are entitled to qualified immunity even if plaintiff has a constitutional right to a job because that law is not clearly established.  (Dkt. # 35).

  Defendants believe plaintiff to be bringing this action for alleged violations of his constitutional rights under equal protection, procedural due process, and substantive due process. (Dkt. # 35).

REPORT AND RECOMMENDATION - 1

## FACTS

Plaintiff is a resident of the Special Commitment Center at McNeil Island. It is uncontested that plaintiff had a job working in the Special Commitment Center kitchen. On August 17th, 2004 plaintiff made preparations to steal approximately half a styrofoam cup of sugar from his job site by placing it in a brown paper sack along with items he was allowed to have. (Dkt. # 24, page 5 and 6). A Special Offender Center kitchen employee searched plaintiff's bag and found the sugar. Plaintiff was fired. (Dkt. # 24, page 7).

Plaintiff filed this action claiming a violation of equal protection because other resident kitchen workers have been allowed to bring back items from the kitchen, such as fried chicken and cinnamon rolls. (Dkt. # 24, page 7). Plaintiff alleges a violation of procedural due process and substantive due process as well. There was no hearing prior to plaintiff being fired. Plaintiff also alleges a Fourth Amendment violation because of the search of the bag containing the contraband item.

## STANDARD

Defendants file this motion at the 12(b)(6) stage. A court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. Keniston, 717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. Id.

REPORT AND RECOMMENDATION - 2

1  In order to state a claim under 42 U.S.C. § l983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 45l U.S. 527, 535 (l98l), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section l983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d l350, l354 (9th Cir. l985), cert. denied, 478 U.S. 1020 (l986).

In addition, defendants have raised the defense of qualified immunity. (Dkt. # 35). Defendants are entitled to qualified immunity from damages for civil liability as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The existence of qualified immunity generally turns on the objective reasonableness of the actions, without regard to the knowledge or subjective intent of the particular official. Id. at 819.

To be clearly established, the law must be sufficiently clear that a reasonable official would understand that his or her action violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). The court should look to whatever decisional law is available to determine whether the law was clearly established at the time the alleged acts occurred. Capoeman v. Reed, 754 F.2d 1512, 1514 (9th Cir. 1985). In analyzing a qualified immunity defense, the Court must determine: (1) what right has been violated; (2) whether that right was so "clearly established" at the time of the incident that a reasonable officer would have been aware of its constitutionality; and (3) whether a reasonable public officer could have believed that the alleged conduct was lawful. See Gabbert v. Conn, 131 F.3d 793, 799 (9th Cir.1997); Newell v. Sauser, 79 F.3d 115, 117 (9th Cir.1996). Qualified immunity is immunity from suit, not just from liability. Harlow v. Fitzgerald, 457 U.S. 800 (1982).

## DISCUSSION

A.  Fourth Amendment.

A free person in our society may or may not have a right to privacy in a bag containing their

REPORT AND RECOMMENDATION - 3

belongings in the workplace.  Search of the bag may involve consent, a warrant, or exigent circumstances.  A pre-trial detainee or convicted inmate would not have a reasonable expectation to privacy in their belongings. Inmates have no reasonable expectation of privacy in their cells or their possessions inside their cells.  Hudson v. Plamer. 468 U.S. 517, 525-526, 104 S.Ct.3194, 3199-3200 (1984); Mitchell v. Dupnik, 75 F.3d 517  (9th Cir. 1996).  In Dupnik, the Ninth Circuit held that jail officials did not violate a prisoner's constitutional rights by searching an inmate's legal papers in his cell outside the presence of the inmate.  This is because society is not prepared to recognize the pretrial detainee or convicted persons privacy interest in light of the obvious security consideration that are raised by involuntary incarceration or commitment.

   Plaintiff is not a free person and he is being held involuntarily, however he is not incarcerated and he is entitled to more considerate treatment than an incarcerated felon in many aspects of his daily life.  The court need not determine today the level of privacy to which he is entitled.  It is sufficient to note that the appropriate level of privacy has not been clearly established.  Neither party has placed any case law before the court to show what level of privacy plaintiff enjoys.  Plaintiff notes his rights did not change as a result of his commitment and he alleges his rights are guaranteed under RCW 71.09.080.  This argument does not answer the more specific question, what level of privacy does a resident of the Special Commitment Center enjoy in their personal effects?  To be clearly established, the law must be sufficiently clear that a reasonable official would understand that his or her action violates that right.  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  The defendant's in this action are entitled to qualified immunity as to plaintiff's Fourth Amendment claims.

   B. Due process.

   Normally, employment in Washington state is at will. Clark v. Sears and Roebuck & Co., 110 Wash. App. 825 (2002). Thus, absent some agreement or guarantee of continued employment, plaintiff could be fired for any reason, or no reason, but not for an improper reason.  An improper reason would be the plaintiff's race, religion, or some other protected affiliation with a class or group. Plaintiff has not shown he had any liberty or property interest to which the concept of due

REPORT AND RECOMMENDATION - 4

process attaches.  In response to the motion to dismiss, plaintiff states "contrary to Defendant [sic] assertions, it must be noted Plaintiff has <u>never</u> specifically argued he had a right to a resident job. Plaintiff's case has **only** to do with the <u>way</u>, and the <u>facts surrounding the manner</u> in which Plaintiff was terminated from his job."  (Dkt. # 41, page 2)(emphasis in original).

If the court takes plaintiff's argument at face value the plaintiff's claim must be dismissed as he did not allege a protected right.  <u>Parratt v. Taylor</u>, 45l U.S. 527, 535 (l98l), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).

Plaintiff also places before the court a policy dealing with resident discipline at the SCC, but he fails to show this policy covers or was intended to cover termination of his employment.  The policy deals with discipline in the treatment context, not employment or a continued right to employment.

Plaintiff also asks the court to find liberty interests as a result of state statutes.  This argument was not part of the complaint.  Specifically plaintiff cites to RCW 71.05.020 (15) and (17).  These sections contains definitions specific to title 71.05 which refers to mentally ill persons in general. While there is a valid argument the definitions apply because plaintiff has been found to suffer from a mental abnormality, there is nothing to indicate that any right is conferred to a person because of these definitions.  Plaintiff's argument is without merit.

Plaintiff also argues that because he provided a service in a custodial setting a "set of rights and reciprocal obligations arises."  (Dkt. # 41 page 2).  Plaintiff fails to articulate what these rights or obligations are.  He fails to show how these rights or obligations apply to his complaint, and he fails to show that any reasonable person would know the parameters of these rights or obligations.

Defendants are entitled to dismissal of plaintiff's due process claim for lack of a cognizable legal theory and the absence of sufficient facts alleged under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).   Further, defendant would be entitled to qualified immunity form suit as the parameters of plaintiff's alleged constitutional right to employment are not clearly established.

REPORT AND RECOMMENDATION - 5

C. <u>Substantive Due Process</u>.

For the concept of substantive due process to apply plaintiff must have a fundamental right at stake. <u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998). Substantive due process does not consider what process was given to the plaintiff. It is a determination whether the deprivation was caused by arbitrary and capricious government action. Here, plaintiff admits taking the sugar was wrong and he admits to hiding the sugar in a bag. By plaintiff's own admission he had taken steps to steal from his employer. There is no indication the decision to fire him was either arbitrary or capricious. Plaintiff's substantive due process argument is frivolous.

D. <u>Amendment with regard to due process claims</u>.

Plaintiff argues he could amend his complaint to state a claim under Title VII. Such amendment would be futile as plaintiffs termination from employment was not based on any protected activity or his being a member of any protected class. By his own admission he was fired for preparing to steal items from his employer. Plaintiff admits to taking the first step in that theft, hiding the item in his bag. Amendment would be futile.

D. <u>Equal Protection</u>.

Plaintiff argues other residents and employees have been allowed to take food from the kitchen and were not fired for doing so. He alleges one resident brought back a styrofoam container full of fried chicken and another brought back a dozen cinnamon rolls. Plaintiff does not indicate the other residents took these items without permission. (Dkt. # 24). He does not indicate the other residents were caught taking items without permission, and he does not indicate the other residents were caught taking the items without permission and were allowed to keep their jobs. (Dkt. # 24). Thus, plaintiff has failed to plead facts sufficient to state a claim for denial of equal protection.

Plaintiff may be able to amend the complaint to state a claim with regards to this issue. Therefore, the motion to dismiss should be denied as to this claim without prejudice and plaintiff should be allowed to file an amended complaint that raises only this claim. The amended complaint would act as a complete substitute for the original. Failure to file an amended complaint within thirty days should result in dismissal of the action.

REPORT AND RECOMMENDATION - 6

1 <u>CONCLUSION</u>

2 All of plaintiff's claims with the exception of his equal protection claim should be dismissed a

3 the 12 (b)(6) stage. Plaintiff should be given leave to file an amended complaint that only raises this

4 claim. Defendant's motion to dismiss should be denied without prejudice at to that claim. A

5 proposed order accompanies this Report and Recommendation.

6 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

7 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.

8 R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

9 appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule

10 72(b), the clerk is directed to set the matter for consideration on **January 28th , 2005**, as noted in the

11 caption and to send the parties a copy of this Report and Recommendation.

12

13 DATED this 29th day of December, 2004.

14 /S/ *Karen L. Strombom*
Karen L. Strombom
15 United States Magistrate

28 REPORT AND RECOMMENDATION - 7